IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KIM RANDALL                                                                     PLAINTIFF

vs.                                      Civil No. 4:18-cv-04110

NANCY A. BERRYHILL                                                         DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Kim Randall ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability application on July 21, 2015. (Tr. 23). In her application, Plaintiff alleges being disabled due to problems with her legs, varicose veins, neurofibromatosis, migraines, back problems, scoliosis, memory loss, left foot problems, brain tumor, and depression. (Tr. 216). Plaintiff alleges an onset date of July 20, 2015. (Tr. 23). This application was denied initially and again upon reconsideration. (Tr. 78-107).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 36-77). Plaintiff had two administrative hearings: (1) June 6, 2017 and (2) October 3, 2017. *Id.* Plaintiff's first hearing was held on June 6, 2017 but was continued because Plaintiff had a medical emergency. (Tr. 36-40). Plaintiff's second hearing was held on October 3, 2017 in Texarkana, Texas. (Tr. 41-77). At this hearing, Plaintiff was present and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Juanita Grant testified at this hearing. *Id.*

After this hearing, the ALJ entered an unfavorable decision on her disability application. (Tr. 20-35). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2019. (Tr. 25, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 20, 2015, her alleged onset date. (Tr. 25, Finding 2). The ALJ determined Plaintiff had the following severe impairments: migraine headaches; degenerative disc disease; lumbar spine; neurofibromatosis; and ventral hernia. (Tr. 25-27, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 27, Finding 4).

As a part of this decision, the ALJ determined Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 30, Finding 7). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 30, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 27-30, Finding 5). First, the ALJ evaluated Plaintiff' subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

2

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is now limited to low stress work activity, in that tasks should not have stringent production standards or stringent time restraints. Additional limitations include no extremes in temperature, and she would be limited to a moderate noise level, such as a typical outside or a busy office.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform her PRW. (Tr. 30, Finding 6). The ALJ considered Plaintiff's ability to perform other work existing in significant numbers in the national economy. (Tr. 34-35, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform the following three occupations: (1) office helper (light, unskilled) with 73,000 such jobs nationally; (2) garment bagger (light, unskilled) with 102,000 such jobs nationally; and (3) linen sorter (light, unskilled) with 120,000 such jobs nationally. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 20, 2015 though the date of his decision or through December 6, 2017. (Tr. 31, Finding 11).

Plaintiff sought review with the Appeals Council. On July 6, 2018, the Appeals Council denied this request for review. (Tr. 1-3). On July 25, 2018, Plaintiff filed a Complaint in this matter. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF No. 5, 13-14. This case is now ready for determination.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly

4

limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13 at 1-20. Plaintiff raises three arguments for reversal: (1) the ALJ erred in his RFC determination; (2) the ALJ erred in giving controlling weight to the opinions of her treating physicians; and (3) the ALJ erred by presenting an incomplete hypothetical to the VE. *Id.* Upon review, and consistent with the following, the Court finds Plaintiff's arguments are centered almost entirely around the ALJ's consideration of a report from Plaintiff's treating physician, Dr. Randy D. Walker, M.D. Thus, the Court will only consider the ALJ's evaluation of that report.

Plaintiff's brief relies heavily–and almost entirely–upon the findings of Dr. Walker. ECF No. 13 at 3-20. Upon review of the transcript in this case, Dr. Walker's report is dated February 11, 2018. (Tr. 9-14). The ALJ's decision date was December 1, 2017. (Tr. 20-35). Thus, Dr. Walker's report is dated *after* the ALJ's decision date. It appears Plaintiff submitted Dr. Walker's findings to the

5

Appeals Council for further review; but in her briefing, Plaintiff argues repeatedly that the *ALJ erred* by failing to consider Dr. Walker's findings. ECF No. 13 at 3-20. Plaintiff supplies no basis for Appeals Council's review of this report or remand due to the Appeals Council's failure to consider this evidence. *Id.*

Under 42 U.S.C. § 405(g), the standard for reviewing an opinion for substantial evidence and the standard for reviewing an opinion to consider whether a remand is appropriate to consider additional evidence is a different standard. Indeed, for a remand to consider additional evidence, there must be a showing that there is "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Plaintiff has not made that showing. Instead, she merely argues the case is not supported by substantial evidence in the record. Thus, without more, the Court cannot find a basis for reversal in this case. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" conclusory assertion that the ALJ failed to consider whether clamant met Listings because claimant provided no analysis of relevant law or facts regarding Listings).

4. **Conclusion:**

Based on the foregoing, the undersigned finds no basis for reversing Plaintiff's case. Thus, the ALJ's decision should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of March 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE